## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Estate of Ryan Donnelly | : | Civil Action No. 3:19-cv-16124 |
| Plaintiff(s) | : | Hon. Zahid N. Quraishi |
| v. | : | **JOINT PROPOSED DISCOVERY PLAN** |
| Scott Shaw, Riversource Life Insurance | : | |
| Defendant(s) | : | Conference date: 11/25/19 |

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.
    **See attached addendum**

2.  Set forth a brief description of the case, including the causes of action and defenses asserted. **See attached addendum**

3.  Have settlement discussions taken place?  Yes _____  No \_\_\_\_X_____

    (a)  What was plaintiff's last demand?

        (1)  Monetary demand: $ _____
        (2)  Non-monetary demand: _____

    (b)  What was defendant's last offer?

        (1)  Monetary offer:  $ _____
        (2)  Non-monetary offer: _____

4.  The parties [have \_\_\_\_X_____  have not _____] met pursuant to Fed. R. Civ. P. 26(f):

1

5.  The parties [have _____ have not __X__ ] exchanged the information required by
    Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

6.  Explain any problems in connection with completing the disclosures required by Fed
    R. Civ. P. 26(a)(1) None

7.  The parties [have _____ have not __X__ ] conducted discovery other than
    the above disclosures.  If so, describe.

8.  Proposed joint discovery plan:

    (a)   Discovery is needed on the following subjects: issues of fact and damages

    (b)   Discovery [should _____ should not __X__ ] be conducted in phases
          or  be limited to particular issues.  Explain.

    (c)   Proposed schedule:

          (1) Fed. R. Civ. P. 26 Disclosures 12/9/19 .

          (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) 11/18/19 .

          (3) Service of initial written discovery 12/23/19 .

          (4) Maximum of 30 Interrogatories by each party to each other party.

          (5) Maximum of 10 depositions to be taken by each party.

          (6) Motions to amend or to add parties to be filed by 12/9/19 .

          (7) Factual discovery to be completed by 6/30/19 .

          (8) Plaintiff's expert report due on 8/31/19 .

          (9) Defendant's expert report due on 10/15/19 .

          (10) Expert depositions to be completed by 12/31/19 .

          (11) Dispositive motions to be served within 60 days of completion of
          discovery.

    (d)   Set forth any special discovery mechanism or procedure requested.

2

(e)     A pretrial conference may take place on _____.

(f)     Trial date: _____ (_____ Jury Trial; _____ Non-Jury Trial).

9.     Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes _____No X _____. If so, please explain.

10.    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _____ No X _____.

       If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11.    Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S. yes

12.    Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No X _____.

13.    State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). no

14.    Is this case appropriate for bifurcation? Yes _____ No   X _____

15.    An interim status/settlement conference (with clients in attendance), should be held in _____.

16.    We [do _____ do not   X _____] consent to the trial being conducted by a Magistrate Judge.

17.    Identify any other issues to address at the Rule 16 Scheduling Conference.

s/Michael A. Jacobus   11/18/19                    s/Michael Zaretsky  11/19/19
Attorney(s) for Plaintiff(s) / Date                    attorney for Defendant

/s/ Robyn Silvermintz 11/18/19
Attorney(s) for Defendant(s) / Date

3

Joint Proposed Discovery Plan
Donnelly v Shaw et al
Civil Action No:  3:19-cv-16124


ADDENDUM


1.

Robyn Silvermintz, Esq.
Winget Spadafora & Schwartzberg LLP
65 East Route 4
Suite 201
River Edge NEW Jersey 07661
P 973-221-8200
fax 973-221-8201
*Attorney for Defendant Scott Shaw*

Michael J. Zaretsky
Carlet, Garrison, Klein & Zaretsky, LLP
1135 Clifton Avenue Suite 104
Clifton, New Jersey  07013
P  973-777-6200 ext 133
fax 973-777-0412
*Attorney for Defendant Riversource Life Insurance*

Michael A. Jacobus, Esq.
Novins, York & Jacobus, P.A.
202 Main Street
Toms River, New Jersey 08754
P 732-349-7100
fax 732-349-7794
*Attorney for Plaintiff Estate of Ryan Donnelly*


2.

Ryan Donnelly was approved by Riversource for a $1,000,000.00 life insurance policy.  The initial annual premium of $3,005.00 was paid with a credit card authorization on January 25, 2017 by Ryan Donnelly individually.  Defendant Scott Shaw was the servicing advisor for RiverSource, and the policy was on an annual direct billing cycle for $3,005.00.  According to RiverSource, a payment

notice was sent on January 2, 2018 requesting payment by January 22, 2018; an additional late payment notice was delivered on February 22, 2018 requesting the payment by March 9, 2018.

On July 27, 2018 Dimitra Donnelly (wife of Ryan Donnelly) was advised by Ryan's business partner that his life insurance had lapsed.  Beginning on that day July 27, 2018 through September 18, 2018, both Dimitra and Ryan Donnelly made multiple email and telephone contact with Scott Shaw requesting renewal of the policy.   By way of example, on September 13, 2018 Dimitra Donnelly emailed Scott Shaw stating:

> "We have been trying to reach you by email and phone for over a month.  [Ryan's business partner] informed Ryan and I that his life insurance needed to be renewed and that you needed an updated signature and medical history.  Please send us anything that needs to be filled out and we will send it in ASAP.  Thank you."

On September 18, 2018 Dimitra Donnelly left another voice mail message with Scott Shaw, yet never had a response.

Ryan Donnelly died on September 21, 2018, and Plaintiff Estate of Ryan Donnelly, by Executor Dimitra Donnelly, has filed a complaint for bad faith and refusal to pay claims, breach of the implied covenant of good faith and fair dealing, and negligence.

<u>Scott Shaw's position</u>

The Policy at issue lapsed in February 2018 for failure to pay the premium due.  Scott Shaw denies that Ryan Donnelly made any efforts to contact him from July to September 2018 regarding reinstatement of the Policy.  Rather, in July 2018, Scott Shaw's office reached out to Ryan Donnelly to advise that they were sending him a request for reinstatement form.  Said form was sent to Ryan Donnelly at his address of record.  Scott Shaw heard nothing further from Ryan Donnelly.

Scott Shaw denies all claims asserted as against him in this matter.  Furthermore, Scott Shaw asserts the following affirmative defenses: The Complaint fails to state a cause of action upon which relief may be granted; Plaintiff's decedent committed an anticipatory breach of the subject insurance

policy by failing to pay the premium when due; The subject insurance policy lapsed and was of no further force and effect prior to and at the time of the alleged death of Ryan Donnelly; All claims for negligence in the Complaint are barred by the doctrines of contributory and/or comparative negligence; If Plaintiff sustained any damages as alleged in the Complaint, all of which are expressly denied, then such damages were caused, either in whole or in part, by the Plaintiff's own culpable conduct, fault and/or negligence, and any recovery herein shall be diminished accordingly; If Plaintiff sustained any damages as alleged in the Complaint, all of which are expressly denied, then such damages were caused by the culpable conduct, fault and/or negligence of other persons and/or entities over which Defendant had no control, with no act or omission on the part of said Defendant contributing thereto; The damages alleged to have been suffered by the Plaintiff were caused in whole or in part by the conduct of persons or entities other than Defendant.  Therefore, the Plaintiff's claims are barred or diminished in the proportion that such culpable conduct of other persons or entities bear to the total culpable conduct causing damage; Defendant's alleged conduct was not a proximate cause of any of the damages alleged in the Complaint; Defendant performed in accordance with the standard of care by which he was bound or any duty he had to Plaintiff, or to Plaintiff's decedent, Ryan Donnelly; Defendant had no duty or obligation to Dimitra Donnelly at any time under any legal theory; Defendant had no duty or obligation to Plaintiff's decedent, Ryan Donnelly, under any legal theory following Ryan Donnelly's termination of his relationship with Defendant; At the time of Ryan Donnelly's death, there was no insurance policy in effect between RiverSource and Ryan Donnelly; Ryan Donnelly made material misrepresentations and/or omissions in his application for the subject insurance policy, and he died during its contestable period.  Accordingly, the subject insurance policy was null and void upon its issuance and not subject to reinstatement; Plaintiff is barred from recovering by virtue of Plaintiff, and Plaintiff's decedent's, failure to mitigate damages (which alleged damages are expressly denied); Plaintiff suffered no damages as the result of any act or omission by Defendant; The Complaint fails to join all persons and/or entities necessary for the just adjudication

of this action; To the extent applicable, Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata; Plaintiff's claims are barred under the doctrines of waiver, estoppel, unclean hands, and/or laches; Plaintiff lacks standing to bring an action against Defendant; and The causes of action and/or relief sought should be barred and/or precluded by virtue of Plaintiff's express and implied ratification, adoption, authorization, or acquiescence in the actions and/or omissions complained of.

<u>Defenses of RiverSource Life Insurance Company:</u>

The plaintiff's decedent, Ryan Donnelly, purchased and was the insured of a term life insurance policy issued on January 22, 2017 by RiverSource. The required premium to maintain the policy had to be paid annually. Mr. Donnelly failed to pay the premium that was due in January 2018 for the second year of the policy. No premium was paid at that time, and when no payment was made after the expiration of the grace period for payment of the premium, the policy lapsed and was of no further force and effect as of February 2018. RiverSource never received a request to reinstate the policy. RiverSource has since learned that Mr. Donnelly may have misrepresented material facts on his application for the policy. Because he died within two years after the issuance of the policy, the policy was contestable and would have been subject to rescission for such misrepresentations, had it not lapsed prior to his death. Accordingly, RiverSource should be permitted to conduct a contestable investigation into the truth of the statements made by Mr. Donnelly on the application for the policy as part of discovery in this case. In addition, had Mr. Donnelly sought reinstatement of the policy prior to his death, RiverSource would have conducted the necessary underwriting to determine if he was insurable. Upon information and belief, he may not have been insurable at that time due to existing medical and other underwriting considerations, in which event any request by him for reinstatement would have been denied.

Legal Issues:

- Did Mr. Donnelly fail to pay the required premium for the second year of the policy, which resulted in the lapse of the policy?
- Was the policy contestable at the time of Mr. Donnelly's death?
- Did Mr. Donnelly make material misrepresentations in the application for the policy?
- Did the policy lapse in February 2018?
- Would the policy be subject to rescission if it had been reinstated prior to Mr. Donnelly's death?
- Did Mr. Donnelly apply for reinstatement of the policy on a timely basis and in proper form prior to his death?
- Was RiverSource entitled to underwrite and determine Mr. Donnelly's insurability as a condition to reinstating the policy, if reinstatement had been timely and properly requested?
- Was Mr. Donnelly negligent, and if so was his negligence the proximate cause of any damages the plaintiff alleges it suffered?
- Did RiverSource owe a fiduciary duty to Mr. Donnelly or Plaintiff?

- Did RiverSource act in accordance with the terms of the life insurance policy and therefore without any malice or bad faith?
- Did RiverSource breach any provision of the policy or any other agreement it is alleged to have had with Mr. Donnelly or Plaintiff?
- Did RiverSource receive a valid claim for the policy's death benefit?
- Was RiverSource obliged under any implied covenant of good faith and fair dealing, and if so, did it breach same?
- Did Mr. Donnelly breach the policy by failing to pay the premium when due?
- Did Mr. Donnelly fraudulently induce RiverSource to issue the policy by misrepresenting material facts on his application for the policy?